1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    TOMMIE W. FENTROY,                        No.  2:18-cv-01709 CKD

12                  Plaintiff,

13           v.                                  ORDER

14    ANDREW SAUL, Commissioner of Social
      Security,
15
                     Defendant.
16

17

18           Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

19    ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title

20    XVI of the Social Security Act ("Act").  The parties have consented to Magistrate Judge

21    jurisdiction to conduct all proceedings in the case, including the entry of final judgment.  For the

22    reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant

23    the Commissioner's cross-motion for summary judgment.

24    BACKGROUND

25           Plaintiff, born in 1964, applied on March 27, 2014 for SSI and disability insurance

26    benefits, alleging disability beginning November 30, 2013.  Administrative Transcript ("AT")

27    148, 155.  Plaintiff alleged he was unable to work due to scoliosis.  AT 178.  In a decision dated

28    ////

February 9, 2017, the ALJ determined that plaintiff was not disabled.[1]  AT 148-157.  The ALJ

made the following findings (citations to 20 C.F.R. omitted):

> 1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.

> 2.  The claimant has not engaged in substantial gainful activity since November 30, 2013, the application date.

> 3.  The claimant has the following severe impairments: cervical and lumbar degenerative disc disease and personality disorder.

> 4.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

> 5.  After careful consideration of the entire record, the undersigned

---

[1]  Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled.  If not, proceed to step four.

> Step four:  Is the claimant capable of performing his past work? If so, the claimant is not disabled.  If not, proceed to step five.

> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

finds that the claimant has the residual functional capacity to perform light work specifically as follows: the claimant can perform occasional postural activities; the claimant cannot climb ladders, ropes or scaffolds; the claimant must avoid concentrated exposure to extreme cold, fumes, gases, dust and hazards; the claimant can frequently reach with the bilateral upper extremities; and the claimant is limited to nonpublic, simple, repetitive tasks.

6. The claimant is unable to perform any past relevant work.

7. The claimant was born on XX/XX/1964, which is defined as a younger individual age 18-49 on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age.

8. The claimant has a limited education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from November 30, 2013, through the date of this decision.

AT 150-157.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: The ALJ improperly rejected the opinion of consultative examiner Dr. Deborah Lacy.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is

responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

Plaintiff argues that the ALJ erred in partially rejecting the opinion of psychiatric consultative examiner Dr. Deborah Lacy.

In her November 24, 2014 evaluation, Dr. Lacy noted that there were no psychological records available to review, and that plaintiff reported he had not received outpatient psychiatric treatment and was not taking any prescribed medications. AT 496-498. Dr. Lacy noted plaintiff's chief complaint as symptoms of depression. AT 498.

"On the intake form, the claimant was asked if he had ever been assaultive toward others and he stated, 'Yes, when I'm feeling attacked and ignored,'" Dr. Lacy wrote. AT 498. Plaintiff reported that he was terminated from a job at Goodwill after nine months "due to arguing and having aggressive behavior toward a coworker. . . . When asked if he gets along with supervisors and coworkers, he states that he doesn't when 'I feel abused and overused.'" AT 499. Plaintiff "reported having only one friend, his roommate, and that relationship is good. He added . . . that he had difficulty with people who do not take their job seriously and judge people." AT 500.

////

4

As to plaintiff's attitude and behavior at the examination, Dr. Lacy noted in part: "He was minimally cooperative and his interpersonal contact was poor due to underlying hostility. . . . He appeared to exaggerate his pain level. . . . He also did not appear to be forthcoming in some of his response during the mental status examination." AT 500.

Dr. Lacy opined that plaintiff was mildly impaired in his ability to perform detailed and complex tasks; maintain regular attendance; perform work activities on a consistent basis; and complete a normal workday or workweek without interruptions resulting from psychiatric conditions. She opined that he was <u>severely impaired</u> in the ability to relate and interact with coworkers and the public. AT 504 (emphasis added).

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. <u>Id.</u>; <u>Smolen v. Chater</u>, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. <u>Lester</u>, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence. <u>Id.</u> at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989)). In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings. <u>Meanel v. Apfel</u>, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); <u>see also</u> <u>Magallanes</u>, 881 F.2d at 751. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a

treating or examining professional.  <u>Lester</u>, 81 F.3d at 831.

In his decision, the ALJ first referenced Dr. Lacy's opinion as follows:

> Based on relevant medical evidence and other evidence in the case record, I find the claimant's mental impairment(s) caused mild limitation in understanding, remembering, or applying information; <u>moderate limitation in interacting with others</u>; and mild limitation in adapting or managing oneself.  The consultative examination showed no difficulty with simple tasks and only mild difficulty with complex tasks.  [Cite to Dr. Lacy's report, AT 496-504.]  The claimant reported that he was able to get along with others okay.  The claimant had some difficulty with concentration and has some anxiety.

AT 151 (emphasis added); <u>see</u> AT 171 (plaintiff's hearing testimony that he had "no difficulty" getting along with or being around other people).  Clearly, the ALJ credited portions of Dr. Lacy's opinion, as reflected in the RFC limiting plaintiff to nonpublic, simple, repetitive tasks.  <u>See also</u> AT 153-154 (ALJ's decision discusses Dr. Lacy's findings).

Plaintiff takes issue with the ALJ's weighing of one of Dr. Lacy's findings:  "Little weight is given to the psychological consultative examiner's opinion that the claimant was severely limited in his ability to get along with others [record citation].  That opinion is not substantiated in the record.  Further, the claimant testified that he gets along okay with others."  AT 155; <u>see</u> AT 171.  Plaintiff argues that the ALJ did not give specific and legitimate reasons for rejecting this finding.[2]

As noted above, the ALJ found plaintiff only moderately limited in interacting with others.  As to whether "severe" limitation in this area was "substantiated in the record," the ALJ's decision noted that plaintiff was assessed with a Global Assessment Functioning (GAF) score of 62, "indicating mild symptoms or difficulty functioning."[3]  AT 154.  In an unchallenged

---

[2] There were contradictory opinions in the record, as State agency physicians Dr. Dara Goolsby and Dr. J. Schnitzler reviewed plaintiff's medical file and concluded that his mental impairments were non-severe.  AT 188, 203, 221-222, 237-38.  The ALJ gave these opinions little weight, noting that the RFC "generously considers the claimant's subjective complaints."  AT 155.

[3] GAF is a scale reflecting the "psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." Diagnostic and Statistical Manual of Mental Disorders at 34 (4th ed. 2000) ("DSM IV-TR"). A GAF of 61-70 indicates some mild symptoms (e.g., depressed mood and mild insomnia) or some difficulty in social, occupational, or school function (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships.  <u>Id.</u>

credibility finding, the ALJ determined that plaintiff's subjective statements about the severity of his symptoms were not entirely credible (though the ALJ did give plaintiff's subjective complaints some weight in formulating the RFC). AT 153; see AT 155. The ALJ noted that plaintiff's documented "poor effort" during the consultative examination "lessens the consistency of his subjective complaints." AT 154. As defendant points out, the medical record contains numerous clinical descriptions of plaintiff as "cooperative" with "normal mood and affect." See, e.g., AT 46, 50, 54, 58, 62, 66, 71, 75, 79, 83, 603, 625, 639. Finally, the ALJ cited plaintiff's hearing testimony that he had no problems getting along with others.[4] AT 171.

Based on the foregoing, the ALJ reasonably concluded that Dr. Lacy's finding of severe impairment in getting along with others was inconsistent with the medical record and plaintiff's own testimony. See 20 C.F.R. §§ 404.1527(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion.").

Moreover, plaintiff has not shown that the alleged error was harmful. The RFC limited him to nonpublic, simple, repetitive tasks. The vocational expert (VE) identified three jobs that plaintiff could perform: packager, assembler, and inspector. AT 156. The Dictionary of Occupational Titles (DOT) describes these occupations as requiring no significant interaction with people. See Inspector and Hand Packager, DICOT 559.687-074 (G.P.O.), 1991 WL 683797; Machine Pack Assembler, DICOT 920.687-122 (G.P.O.), 1991 WL 687991; and Vacuum Tester, Cans, DICOT 920.687-194 (G.P.O.), 1991 WL 688008. Plaintiff has not shown that, if the ALJ had credited Dr. Lacy's opinion that plaintiff was severely impaired in getting along with people,

---

[4] Plaintiff argues that the ALJ failed to adequately develop the record as to plaintiff's termination from past jobs, as he told Dr. Lacy that he had been fired from his Goodwill job due to arguing and being aggressive toward a coworker. AT 499. Plaintiff also held short-term jobs as a janitor, stock clerk, greeter, and construction laborer. AT 155, 499. Evidence raising an issue requiring the ALJ to investigate further depends on the case. Generally, there must be some objective evidence suggesting a condition that could have a material impact on the disability decision. See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996); Wainwright v. Secretary of Health and Human Services, 939 F.2d 680, 682 (9th Cir. 1991). Here, the ALJ found plaintiff to have the severe impairment of "personality disorder" and factored this into the RFC. AT 150, 152. Plaintiff has not shown that further development of plaintiff's work history could have had a material impact on the disability decision.

the disability determination would have been different.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 11) is denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 15) is granted; and

3. Judgment is entered for the Commissioner.

Dated:  September 13, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/fentroy1709.ssi.skd